UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                    Case No. 14-37976-BKC-LMI

ODALIS NUNEZ,                                             Chapter 7

    Debtor.
_____/

**TRUSTEE'S MOTION TO COMPEL ATTENDANCE AT RULE 2004 EXAMINATION
AND MOTION TO COMPEL TURNOVER OF CERTAIN DOCUMENTS
AND RECORDS AND REQUEST FOR SANCTIONS**

Chapter 7 Trustee, Soneet R. Kapila (the "Trustee"), by undersigned counsel, pursuant to 11 U.S.C. § 542 and Fed. R. Bankr. P. 2004 and 9016 and Local Rule 2004-1, requests the Court enter an order compelling Odalis Nunez (the "Debtor") to appear at her Rule 2004 Examination, and compelling the Debtor to turn over certain documents and records, which the Trustee asserts are property of the bankruptcy estate, as specified below, and states:

1.    This case was commenced by the filing of a voluntary Chapter 13 petition on December 30, 2014. This case was converted to a Chapter 7 on December 4, 2015.

2.    On January 20, 2016, the Trustee, by counsel, scheduled the Debtor's Rule 2004 Examination for February 19, 2016 at 10:00 a.m. and filed a Notice of Taking Rule 2004 Examination *Duces Tecum* [ECF No. 67] (the "First Notice to Debtor").

3.    Thereafter, the Debtor did not provide the requested documents necessary to conduct the 2004 Examination to the Trustee on or before February 19, 2016. As a result the Trustee and the Debtor agreed to reschedule to provide additional time for the Debtor to collect and produce documents.

4.    The Trustee and the Debtor rescheduled the Debtor's Rule 2004 Examination to March 9, 2016 at 2:00 p.m. and filed a Re-Notice of Taking Rule 2004 Examination *Duces Tecum* [ECF No. 72] (the "Second Notice to Debtor").

5.    On March 4, 2016, the Debtor, by counsel provided some, but not all of the documents requested to the Trustee.

_____
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

6.    On March 8, 2016, Odalis Nunez *pro se*, contacted the Trustee's counsel requesting to reschedule the Debtor's Rule 2004 Examination, because the Debtor had no one to pick up her son from school. The Trustee obliged the Debtor's request.

7.    On March 10, 2016, the Trustee provided a list of the requested outstanding documents to the Debtor.

8.    Thereafter, the Trustee and the Debtor once again rescheduled the Debtor's Rule 2004 Examination to June 17, 2016 at 2:00 p.m. and filed a Re-Notice of Taking Rule 2004 Examination *Duces Tecum* [ECF No. 86] (the "Third Notice to Debtor").

9.    On May 23, 2016, the Trustee again provided a list of the outstanding documents to the Debtor.

10.    On June 16, 2016, a day before the third rescheduled examination the Debtor through counsel called the Trustee and requested the 2004 Examination be rescheduled once again as a result of the Debtor having a calendar conflict. The Trustee once again obliged the Debtor's request.

11.    The Trustee and the Debtor rescheduled the Debtor's Rule 2004 Examination to June 27, 2016 at 2:00 p.m. and filed a Re-Notice of Taking Rule 2004 Examination *Duces Tecum* [ECF No. 88] (the "Fourth Notice to Debtor").

12.    On June 26, 2016, the Trustee's court reporter informed the Trustee that it would be unavailable for the Debtor's Rule 2004 Examination scheduled on June 27, 2016. The Trustee contacted the Debtor immediately and requested the examination be continued as a result of the court reporter being unable to attend.

13.    The Trustee and the Debtor rescheduled the Debtor's Rule 2004 Examination to July 8, 2016 at 2:00 p.m. and filed a Re-Notice of Taking Rule 2004 Examination *Duces Tecum* [ECF No. 90] (the "Fifth Notice to Debtor").

14.    On July 8, 2016, the Debtor's counsel appeared at the Trustee's office, but the Debtor did not. The Certificate of Non-Appearance is attached hereto as Composite Exhibit "A".

15. The Debtor's counsel later informed undersigned counsel that the Debtor was unaware of the deposition.

16. The Debtor's Rule 2004 Examination was originally scheduled to take place on February 19, 2016. The Trustee extended the professional courtesy of agreeing to four continuances of the examination, without questioning the basis for any of the requests. However, a fifth continuance (or beyond) could begin to jeopardize the Trustee's position.

17. Further delay in completing this examination could impact the Trustee's ability to investigate potential claims against the Debtor or third parties.

18. Lastly, the remaining documents and records (collectively, the "Documents"), still outstanding include the following:

   a. BB&T Bank Acct # 8562
      i. Page 2 of 3 of the 12/6/2012 – 1/7/2013 statement
      ii. Complete copies of all statements received between 12/5/2013 – 3/5/2014
   b. Suntrust Bank Acct # 9464
      i. Complete copies of all statements and cancelled checks for this account from 12/20/2012 – 6/20/2014
      ii. Page 3 of 3 of the 6/2/2014 – 7/22/2014 statement
   c. Copies of any and all retirement account statements between December 30, 2012 and December 3, 2015, including the TD Ameritrade account listed on Item # 12 of your Schedule "B".
   d. Copies of all statements received for the TD Ameritrade Acct # 9289 between 12/30/2012 – 1/31/2015.
   e. Any pay stubs, income checks or other proof of your employment and/or your income for the period between December 30, 2012 and December 3, 2015, including any proof of your employment as a self-employed marketer.
   f. All credit card statements for the time period between December 30, 2012 and December 3, 2015.

19. The Trustee respectfully requests that the Court enter an order requiring the Debtor to appear at her Rule 2004 Examination on August 8, 2016 at 2:00 p.m. and to provide the Documents.

WHEREFORE, the Trustee respectfully requests the Court enter an order: (a) requiring the Debtor to appear at her Rule 2004 Examination on August 8, 2016 at 2:00 p.m.; (b) compelling the Debtor, Odalis Nunez, to comply with the discovery requests; (c) awarding the

_____
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

Trustee fees and costs associated with prosecuting the instant motion; and (d) granting such other and further relief as the Court deems just and proper.

Dated: July 11, 2016

LEIDERMAN SHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
Attorneys for Soneet Kapila
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
FELIPE PLECHAC-DIAZ
Florida Bar No. 0105483
fpd@lsaslaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on July 11, 2016 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference), and via U.S. Mail to Odalis Nunez, 633 Minola Dr, Miami Springs, FL 33166 and Anthony A Roca, The Roca Law Firm, P.A., 1750 Coral Way, FL 2, Miami, FL 33145-2747.

By:_____/s/_____
Felipe Plechac-Diaz

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

In re:

ODALIS NUNEZ,

    Debtor.
_____/

**CERTIFICATE OF NONAPPEARANCE**

    **I, Raissa Espinoza DO HEREBY CERTIFY** that the Deposition of Odalis Nunez was to be taken on July 8th, 2016 at the hour of 2:00pm in the offices of Leiderman Shelomith Alexander + Somodevilla, PLLC, located at 2699 Stirling Road, Suite C401, Ft. Lauderdale, Florida 33312.

    **THAT** the attorneys and I appeared at that time and place, but the deponent failed to appear.

    **DATED** this 8th day of July, 2016.

Raissa Espinoza
(Reporters name)
AAERT CCR#: 877
LEGAL EDGE SERVICES, Inc.
701 Brickell Ave.,
Suite 1550
Miami, FL 33131
Tel.:  (305) 728 - 5300
Fax:  (305) 728 - 5301